**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE**

CIVIL ACTION NO. 05-378-DLB

BOBBY SHUFFLER                                                                                          PLAINTIFF

vs.                              **MEMORANDUM OPINION & ORDER**

JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                               DEFENDANT

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Bobby Shuffler filed an application for disability insurance benefits (DIB) on December 4, 2003. His application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held by video conference on April 7, 2005. On August 20, 2005, ALJ Don Paris issued an unfavorable decision, finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for further review by letter dated September 23, 2005. The ALJ's decision, therefore, stands as the final decision of the Commissioner on Plaintiff's claim.

Plaintiff, who was 57 years old at the time of the hearing, has a high school education and alleges an inability to work beginning on October 23, 2003 due to diabetes

and his heart (i.e., chest pains).  At the hearing before the ALJ, Plaintiff also indicated that he experiences chest pains, which he describes as a "flip-flop," on a daily basis; he takes Isosorbide Dinitrate and carries nitroglycerine with him at all times; his diabetes is so unstable that he passes out for several hours; he has swelling in his hands and feet; and he can stand for about 30 minutes, and bending and stooping hurt his back.

Having exhausted his administrative remedies, Plaintiff filed the instant action on November 21, 2005.  The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II.  DISCUSSION

### A.   Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal

a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  (Tr. 19).  At Steps 2 and 3, the ALJ found that Plaintiff's diabetes mellitus (adult onset) and coronary artery disease constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.  (Tr. 21).  At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform a significant range of medium work.  (Tr. 22).  Specifically, the ALJ found that Plaintiff can lift/carry 50 pounds occasionally, 25 pounds frequently, and can stand/walk and sit for 6 hours in an 8-hour workday, but must avoid concentrated exposure to heat/cold.  (Tr. 22).

Based upon these findings, the ALJ concluded that Plaintiff is able to perform his past relevant work as a school bus driver and automobile mechanic.  (Tr. 22).  Alternatively, the ALJ found that there are a significant number of jobs Plaintiff can perform despite his limitations, including assembly jobs, cashier jobs, and production/laborer jobs.  (Tr. 23). This conclusion resulted from testimony by a vocational expert ("VE"), in response to a

hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC.

**C.    Analysis**

Plaintiff raises two errors on appeal. First, he contends that the ALJ erred in finding that he can return to his past relevant work as a school bus driver and automobile mechanic. Specifically, Plaintiff alleges that the Letcher County School Board (his former employer) has determined that he is unable to perform his duties due to his health problems, and his prior work as a mechanic cannot be considered relevant because it was merely a side job, which the VE characterized as "sporadic."[1] Plaintiff also challenges the ALJ's credibility determination. In response, the Commissioner argues that Plaintiff's allegations that he cannot return to his job as a bus driver because his diabetes prevents him from renewing his commercial driver's license (CDL) are not only unsubstantiated, but also irrelevant in light of the ALJ's alternative findings at Step 5. Moreover, the Commissioner argues that the ALJ's credibility assessment is supported by substantial evidence and should be affirmed. The Court will address each allegation in turn.

In support of his first error, Plaintiff relies on Social Security Ruling 82-62. *See* 1982 WL 31386. That ruling states, in pertinent part:

> Past work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work.
> The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work. Determination of the claimant's ability to do PRW requires a

---

[1] Plaintiff also notes that he has been found disabled by, and is currently receiving benefits from, the Kentucky Retirement Systems. (Doc. #6, p.8).

>careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy. The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.
>Sufficient documentation will be obtained to support the decision. Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work).

*Id*. at *3 (citations omitted). In finding that an individual has the capacity to perform a past relevant job, an ALJ's written decision must contain among the findings the following specific findings of fact: (1) the individual's RFC; (2) the physical and mental demands of the past job/occupation; and (3) whether the individual's RFC would permit a return to his past job or occupation. *Id*. at *4.

Legally, Plaintiff argues that the ALJ failed to comply with the ruling's requirements by merely concluding that "[t]he evidence in this case establishes that the claimant has past relevant work as an auto mechanic and bus driver." (Tr. 22). Factually, Plaintiff argues that the ALJ erred in finding that he can return to his past relevant work because: (1) the school board that he previously worked for as a bus driver has determined that he is unable to perform his duties,[2] and (2) his work as a mechanic cannot be considered "relevant"

---

[2] Plaintiff relies on the following statement he made in conjunction with his Disability Report, "I can't work because my current state of health will not allow me to renew my CDEL license." (Tr. 72).

5

because he did it on the side. Past work is generally considered "relevant" when it was performed within the last 15 years, it lasted long enough for an individual to learn it, and it was substantial gainful activity. 20 C.F.R. § 404.1565(a).

As an initial matter, the Court must clarify several points. First, the ALJ's written decision reveals that he also considered and adopted the testimony of an impartial vocational expert in determining whether Plaintiff could return to his past relevant work. (Tr. 22). Specifically, he noted:

> Betty Hale, vocational expert, testified that based upon the hypothetical individual's residual functional capacity, he could return to his past work as a bus driver and mechanic, as previously performed and as usually performed within the national economy. The Administrative Law Judge concurs and so finds.

(Tr. 22).[3] At the hearing, the vocational expert testified that Plaintiff's past work as a school bus driver was semi-skilled and medium in exertion; while his work as an auto mechanic was skilled and medium in exertion. (Tr. 370). Second, contrary to Plaintiff's suggestion, the Letcher County School Board did not determine that he cannot return to his job as a

---

[3]As explained in Social Security Ruling 83-61, there are three possible tests for determining whether or not a claimant retains the capacity to perform his or her past relevant work:

> 1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packaging job," etc. ...
> 2. Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it. Under this test, where the evidence shows that a claimant retains the RFC to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it, the claimant should be found to be "not disabled."
> 3. Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy.

See 1982 WL 31387, *1 -2

6

bus driver. Rather, the December 5, 2003 letter upon which Plaintiff relies indicates that it was Plaintiff who informed the school board that he was unable to perform his duties due to his health problems. (Tr. 59). Finally, Plaintiff testified at the hearing that, as a result of his diabetes, he is unable to drive a school bus. (Tr. 368). He testified that he frequently gets confused and does not know where he is, which would endanger the lives of the children he is responsible for transporting. (Tr. 368). The Court notes that the ALJ did not credit this testimony in his hypothetical question to the vocational expert.

The Court questions the wisdom of allowing an individual with insulin-dependent diabetes to drive a school bus. The Court also questions whether Plaintiff's work as a mechanic can properly be deemed "relevant," given the vocational expert's testimony that it was "kind of sporadic and self-employed." (Tr. 370). *See Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (stating that "[u]nder SSR 82-62, the capacity to do past work that was substantial gainful activity indicates the claimant is not disabled, provided the work was not remote in time or sporadically performed.").[4] Nevertheless, the record provides substantial evidence to support the ALJ's alternative finding that even if claimant were unable to perform his past relevant work, he could perform a significant number of jobs in the national and local economies which would accommodate his residual functional capacity and vocational profile. Specifically, the vocational expert testified that the following jobs were available: assembler (6,100 regionally, 309,300 nationally); cashier (2,300 regionally, 144,500 nationally); and

---

[4]The Court notes for the sake of completeness, however, that Plaintiff reported working as a mechanic for several years, making approximately $12,000 per year. (Tr. 73). He also reported that his profession was a mechanic to the staff at the VAMC in Huntington, West Virginia. (Tr. 247).

7

production laborer (7,600 regionally, 429,800 nationally). (Tr. 371). Therefore, the Court concludes that Plaintiff's first error alleged is without merit.

Plaintiff also takes issue with the ALJ's credibility determination. More particularly, he claims that "[t]he ALJ has not cited any medical evidence of record to support his credibility finding," in violation of SSR 96-7p. (Doc. #6, p.10). In assessing Plaintiff's credibility, the ALJ expressly stated that he was required to consider all symptoms, including pain, and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, pursuant to 20 C.F.R. § 404.1529 and SSR 96-7p. (Tr. 21). With those standards in mind, the ALJ made the following finding:

> The Administrative Law Judge finds that the claimant has an underlying medically determinable impairment that could reasonably cause symptoms. The record, however, does not support the claimant's testimony regarding the intensity and persistence of his symptoms, which he alleges are disabling. In sum, the record reflects that the claimant has overstated the severity and frequency of his symptoms and limitations. Thus, the Administrative Law Judge gives the subjective allegations little weight in determining his residual functional capacity.

(Tr. 22). Upon review of the record, the Court concludes that the ALJ did not cite to any medical evidence or other evidence of record simply because there was no evidence - either in the form of Plaintiff's own reports or functional assessments by medical sources - substantiating his allegations. Absent such evidence, the Court finds that the ALJ's credibility determination was made in accordance with the proper legal standards and is supported by substantial evidence. Therefore, it will not be disturbed on appeal.

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #5-6) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #7) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 21st day of June, 2006.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-05-378-ShufflerMOO.wpd